JUDGE SAND '08 CIV 6594

Christopher B. Turcotte, Esq. (CT-0867)
THE LAW OFFICE OF CHRISTOPHER B. TURCOTTE, P.C.
575 Madison Avenue, 10th Floor
New York, New York  10022
*Attorneys for Plaintiffs*



RECEIVED
JUL 24 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERTH DIAMONDS, INC. and
SHAH DIAMONDS, INC.,

        Plaintiffs,

    -against-

TPC, L.L.C., also doing business as
TOMMY PARKER COMPANY,
TOMMY PARKER DIAMOND
IMPORT and CHOICE DIAMONDS,
THOMAS O. PARKER and WILEY MORGAN,

        Defendants.

Case No.

**VERIFIED COMPLAINT**

**Jury Trial Demanded**

---

Plaintiffs, by their attorneys, as and for their complaint against defendants, alleges upon information and belief:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1332(a).

2. This Court has supplemental jurisdiction under 28 U.S.C. §1367 for substantial and related claims brought under the statutory and common law of the State of New York.

3. Venue is founded on 28 U.S.C. §1391(a)(2) & (3) and (c).

## THE PARTIES

4.  Erth Diamonds, Inc. ("Erth Diamonds") is a corporation duly organized and existing under the laws of the state of New York, and maintains its principal place of business at 590 Fifth Avenue, 9th Floor, New York, New York 10036.

5.  Shah Diamonds, Inc. ("Shah Diamonds") is a corporation duly organized and existing under the laws of the state of New York, and maintains its principal place of business at 590 Fifth Avenue, 9th Floor, New York, New York 10036.

6.  Upon information and belief, TPC, L.L.C., also doing business as Tommy Parker Company, Tommy Parker Diamond Import and Choice Diamonds (hereinafter "TPC"), is a limited liability company duly organized and existing under the laws of the state of Louisiana, and maintains its principal place of business at 175 Richland Place, Monroe, Louisiana 71203.

7.  Upon information and belief, Thomas O. Parker (hereinafter "Parker") is a resident of the State of Louisiana and does business in Louisiana as a member, manager and/or officer of TPC, with its principal place of business at 175 Richland Place, Monroe, Louisiana 71203. Upon information and belief, Parker resides at 710 Webb Hill Road, Start, Louisiana 71279.

8.  Upon information and belief, Wiley Morgan (hereinafter "Morgan") is a resident of the State of Louisiana and does business in Louisiana as a principal and/or officer of TPC, with its principal place of business at 175 Richland Place, Monroe, Louisiana 71203. Upon information and belief, Morgan resides at 205 Maison Drive, Monroe, Louisiana 71203.

## FACTS COMMON TO ALL COUNTS

9. Shah Diamonds is a respected, international jewelry manufacturer and wholesaler specializing in channel and invisible settings, particularly in bracelets, earrings and wedding bands, which has been in business for more thirty (30) years.

10. Erth Diamonds is an affiliated, international jewelry manufacturer and wholesaler which has serviced retailers for more than fifteen (15) years.

11. TPC is a jewelry wholesaler with a longstanding business in Louisiana.

12. Both Shah Diamonds and Erth Diamonds have sold jewelry either for immediate purchase or on consignment to TPC and its principals Parker and Morgan at various points in time for more than 15 years.

13. Commencing in late December 2007 and continuing through April 2008, Erth Diamonds sold jewelry to TPC totaling $132,655.07. In addition, commencing in January 2008 and continuing through March 2008, Erth Diamonds transferred jewelry valued at $21,217.50 on consignment to TPC.

14. Despite repeated demand for payment, TPC and Morgan have failed to remit payment of the $132,655.07 in jewelry purchases and the $21,217.50 for consigned goods, or to return the invoiced merchandise at plaintiffs' request.

15. Commencing in late December 2007 and continuing through February 2008, Shah Diamonds sold jewelry to TPC totaling $1,365.86.

16. Despite repeated demand for payment, TPC and Morgan have failed to remit payment of the $1,365.86 in jewelry purchases, or to return the invoiced merchandise at plaintiffs' request.

17. TPC is now foundering as a result of financial setbacks and Morgan recently advised plaintiffs' principals that he has contemplated its filing for bankruptcy. Additionally, Morgan has advised plaintiffs' principals of one or more banks that are prepared to attach TPC's assets as a secured creditor for TPC's default or imminent default on one or more loans.

18. In late May 2008, Morgan advised one of plaintiffs' principals that he had formed a new, alter-ego company, Choice Diamonds, transferring TPC's employees, customers, account receivables, assets and merchandise, including most if not all of plaintiffs' consigned but as yet unsold jewelry, to this new company. Morgan indicated that Choice Diamonds operates out of the same office space as TPC.

19. Since that time, despite continued demands for payment or the return of merchandise, the defendants have failed to do either, remain in default and have recently cut off all communication with plaintiffs.

## COUNT I

### BREACH OF CONTRACT

20. Plaintiffs repeat and reallege paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. Between December 24, 2007 and April 16, 2008, plaintiff Erth Diamonds and defendants entered into a series of agreements, as memorialized by Invoice Nos. 21642, 21644, 21666, 21673, 21690, 21698, 21741, 21754, 21819, 21860, 21883, 21914, 21989, 21994 and 22116, whereby TPC and its principals Parker and Morgan agreed to pay Erth Diamonds the sum of $132,655.07, in exchange for certain jewelry.

22. Between December 20, 2007 and February 11, 2008, plaintiff Shah Diamonds and defendants entered into a series of agreements, as memorialized by Invoice Nos. 114916,

114917, 115368, 115530 and 116179, whereby TPC and its principals Parker and Morgan agreed to pay Shah Diamonds the sum of $1,365.86, in exchange for certain jewelry.

23. Between January 11, 2008 and March 24, 2008, plaintiff Erth Diamonds and defendants entered into a series of agreements, as memorialized by Memo Nos. 28501, 28607, 28667, 28674, 28677, 28688, 28720, 28756, 28785, 28793 and 28852, whereby Erth Diamonds agreed to ship certain consigned jewelry to TPC and its principals Parker and Morgan valued at $21,217.50.

24. Pursuant to these agreements, Erth Diamonds and Shah Diamonds shipped the jewelry merchandise set forth on these invoices and memos.

25. Despite repeated demand for payment, in the form of invoices, memos and past due notices, TPC and Morgan have failed to remit payment or return the merchandise.

26. As a result of defendants' actions, plaintiffs have been damaged.

27. As a consequence, plaintiff seeks an award of damages in the amount of $155,238.43, plus interest, resulting from defendants' breach of contract.

## COUNT II

### CONVERSION

28. Plaintiffs repeat and reallege paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Defendants have retained the proceeds from jewelry sales that rightfully belong to plaintiffs and refused to return jewelry shipped on consignment to them by plaintiffs, converting the proceeds and jewelry for their own personal use.

30. Defendants also claim to have transferred goods sold on consignment to TPC and other of plaintiffs' assets to a new entity controlled by TPC principal Morgan, Choice Diamonds, without plaintiffs' permission or authorization and without legal right.

31. Defendants failed to return the above goods and proceeds upon demand.

32. As a result of defendants' actions, plaintiffs have been damaged.

33. As a consequence, plaintiff seeks an award of damages in the amount of $155,238.43, plus interest, resulting from defendants' conversion.

## COUNT III

## FRAUD

34. Plaintiffs repeat and reallege paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. During the course of its business relationship with plaintiffs, defendants repeatedly made misrepresentations or material omissions of fact regarding its resources and capabilities which were false and which defendants knew to be false.

36. Defendants made these misrepresentations and material omissions of fact for the purpose of inducing plaintiffs to rely on them and to continue to ship jewelry merchandise to defendants.

37. Plaintiffs relied on defendants' misrepresentations and omissions of fact to its detriment.

38. As a result of defendants' misrepresentations and omissions of fact, plaintiffs suffered damages.

39. As a consequence, plaintiff seeks an award of damages in the amount of $155,238.43, plus interest, resulting from defendants' fraud.

## COUNT IV

## UNJUST ENRICHMENT

40. Plaintiffs repeat and reallege paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Plaintiffs and defendants TPC and Morgan entered into agreements for the purchase of jewelry merchandise, both based on consignment and for immediate sale, whereby defendants agreed to remit payment for plaintiffs' goods.

42. Defendants, without plaintiffs' authorization or consent, continue to maintain possession of plaintiffs' goods and sales proceeds without either having remitted payment for or returning the goods.

43. Based on Morgan's representations, part or all of plaintiffs' goods has been transferred to a new entity, purportedly a company called "Choice Diamonds", without plaintiffs' consent or authorization.

44. As a result of these actions, defendants have been unjustly enriched.

45. As a consequence, plaintiff seeks an award of damages in the amount of $155,238.43, plus interest, resulting from defendants' unjust enrichment.

## COUNT V

## PUNITIVE DAMAGES

46. Plaintiffs repeat and reallege paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. Defendants acted with wanton, reckless disregard in committing the wrongful acts described above.

48. As a consequence, plaintiffs seek an award of punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00).

WHEREFORE, plaintiffs demand judgment against defendants, jointly and severally, as follows:

(a) damages in the amount of $155,238.43 for defendants' breach of contract;

(b) damages in the amount of $155,238.43 for defendants' conversion;

(c) damages in the amount of $155,238.43 for defendants' fraud;

(d) damages in the amount of $155,238.43 for defendants' unjust enrichment;

(e) punitive damages in the amount of $1,000,000.00; and

(f) any other relief the Court deems equitable and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a jury trial is hereby demanded.

Dated: New York, New York
July 24, 2008

THE LAW OFFICE OF CHRISTOPHER B. TURCOTTE, P.C.

Christopher B. Turcotte, Esq. (CT-0867)
575 Madison Avenue, 10th Floor
New York, New York 10022
*Attorney for Plaintiffs*

## VERIFICATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

Neil Shah, being duly sworn, deposes and says:

I am a principal of and manager for the plaintiffs in the within action. I have read the foregoing Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
Neil Shah

Sworn to before me this
24th day of July, 2008

_____
Notary Public

CHRISTOPHER B. TURCOTTE
Notary Public, State of New York
No. 02TU5072563
Qualified in New York County
Commission Expires February 3, 2011

9